GEORGE MILLER, Respondent, *v.* CHARLES A. CHURCH, Impleaded with WILLIAM G. GURNSEY, Appellant.

*Nuisance — when notice of, must be given to defendant — damages.*

Where an alleged nuisance was created by the defendant's grantor, notice to the defendant of the existence of the nuisance, must be shown. (*Miller* v. *Church*, 2 N. Y. S. C., 259; *Conhocton Stone R.* v. *B.*, *N. Y. and E. R. R. Co.*, 51 N. Y., 573.)

In such case a recovery can be had only for damages accruing after the grantee had actual knowledge or notice of the existence of the nuisance.

APPEAL by defendant from a judgment entered on a verdict for fifteen dollars damages, for injury to the plaintiff's premises by the overflowing of a mill pond in which the defendant was claimed to have an interest, and also from an order denying a new trial on the ground of insufficient evidence and excessive damages.

*Robert A. Stanton*, for appellant.  *Edwin A. Kingsley*, for respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment and order appealed from reversed, and a new trial granted, costs to abide the event.

---

ELBERT W. COOK, Plaintiff, *v.* JOHN DOOLITTLE, Defendant.

*Vendee in contract for sale of land — right of, to cut standing timber.*

A purchaser under a contract for the sale of lands, in possession simply by acquiescence, has no right to cut standing timber from the freehold without special license from the vendor, except for repairs of buildings and fences, or the purposes of husbandry.  The doctrine laid down in *Van Wyck* v. *Alliger* (6 Barb., 507) said to have been repudiated in *Van Deusen* v. *Young* (29 id., 9).

EXCEPTIONS ordered to be heard in the first instance at the General Term.